**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

David Robinson, Appellant,

v.

Evelyn R. Robinson, Respondent.

Appellate Case No. 2011-192548

Appeal From Greenville County
Billy A. Tunstall, Jr., Family Court Judge

Unpublished Opinion No. 2014-UP-193
Heard April 7, 2014 – Filed May 7, 2014

**AFFIRMED**

Andrew G. Goodson, of Younts, Alford and Goodson, of Fountain Inn, for Appellant.

Marion W. Fore, Jr., and J. Falkner Wilkes, both of Greenville, for Respondent.

**PER CURIAM:** This action arises out of the divorce of David Robinson (Husband) and Evelyn Robinson (Wife). Husband appeals the family court's order and decree of divorce, arguing the family court erred in: (1) equitably distributing

the parties' marital property; (2) awarding Wife permanent periodic alimony; and (3) awarding Wife attorney's fees. We affirm.

## FACTS/PROCEDURAL HISTORY

Husband and Wife were married in August 1960. In early 2009, Wife learned that Husband was having an affair. In July 2009, Husband filed a complaint for a decree of separate maintenance and support, requesting an equitable division of the marital property and debts. The parties separated in August in 2009, when Husband moved out of the marital home. That same month, Wife filed an answer and counterclaim, seeking a divorce on the ground of Husband's adultery, a restraining order, alimony, division of the marital property and debt, and attorney's fees and costs.

The family court entered an order and decree of divorce, granting Wife a divorce on the ground of Husband's adultery. In the order, the family court awarded Wife sixty-five percent of the marital estate, including the marital home valued at $205,000 and all of the furnishings within the home. In addition, the family court awarded Wife $700 per month in permanent periodic alimony and $6,000 in attorney's fees. Husband filed a motion for reconsideration, which the family court denied. This appeal followed.

## LAW/ANALYSIS

### I. Equitable Division

Husband challenges the family court's equitable division of the marital property on several grounds.[1] We address each of his arguments in turn.

---

[1] In his appellate brief, Husband argued the family court failed to consider the value of a detached garage adjacent to the marital home when dividing the marital property. At oral argument, Husband's counsel conceded the appraised value of the marital home, which was accepted by the family court, included the value of the detached garage. Therefore, we exclude this matter from our discussion of the equitable division of the marital property. *See Barrow v. Barrow*, 394 S.C. 603, 610 n.3, 716 S.E.2d 302, 306 n.3 (Ct. App. 2011) (excluding matters conceded at oral argument from discussion of the issues on appeal).

Husband initially argues the family court erred in failing to identify and value the contents of the marital home. Throughout the divorce proceedings, the parties heavily disputed the identity and value of the contents of the marital home. In the final order, the family court did not specify the contents of the marital home that were marital property, nor did it value the contents individually or collectively. Instead, the family court summarily disposed of the issue by awarding Wife the marital home and "all the furnishings therein." In his motion for reconsideration, Husband challenged the order solely on the ground the family court failed to equalize the overall division of marital property. Husband did not request the family court to specifically identify and value the contents of the marital home. *See Browder v. Browder*, 382 S.C. 512, 523, 675 S.E.2d 820, 826 (Ct. App. 2009) (finding wife's argument that the family court erred in failing to value certain items when equitably distributing the marital estate was not preserved for appellate review where the issue was not raised to or ruled upon by the trial court). Accordingly, we find Husband failed to preserve this issue for appellate review.

Next, Husband argues the family court erred in equitably dividing the marital property because it failed to address the fifteen factors listed in section 20-3-620(B) of the South Carolina Code. Husband did not raise this issue in his motion for reconsideration; therefore, it is not preserved for appellate review. *See Bodkin v. Bodkin*, 388 S.C. 203, 227, 694 S.E.2d 230, 243 (Ct. App. 2010) ("An issue may not be raised for the first time on appeal. In order to preserve an issue for appeal, it must be raised to and ruled upon by the trial court." (citation and quotation marks omitted)).

Lastly, Husband contends the family court erred in failing to divide the marital property equally between the parties. The instant case presents circumstances that allowed the family court to "tilt[ ] the equitable division scale in favor of one spouse." *Avery v. Avery*, 370 S.C. 304, 312, 634 S.E.2d 668, 672 (Ct. App. 2006). The principal asset that "tipped" the equitable division in favor of Wife is the marital home, which was valued at $205,000. Although Husband was responsible for paying the mortgage on the marital home during the marriage, Wife testified she paid the parties' other bills and expenses. Additionally, Husband testified he recently purchased a $268,000 home for his paramour and himself, and Wife stated she would not have anywhere to live if not for the marital home. Finally, Husband's affair led to the breakup of the marriage. Adultery, by itself, does not justify a lopsided division of the marital estate. *See Doe v. Doe*, 370 S.C. 206, 215, 634 S.E.2d 51, 56 (Ct. App. 2006) (stating that while marital fault is an appropriate consideration for equitable apportionment it does not justify a severe penalty).

However, Husband's adultery was one of several factors that supported the fifteen percent equitable division differential between Husband's portion of the marital property and Wife's portion. Because the overall apportionment of the marital property was fair, we find the family court did not abuse its discretion in equitably dividing the property. *See Jenkins v. Jenkins*, 345 S.C. 88, 100, 545 S.E.2d 531, 537 (Ct. App. 2001) ("On review, we look to the fairness of the overall apportionment; if the end result is equitable, it is irrelevant that we might have weighed specific factors differently than the family court."); *id.* ("This court will affirm the family court judge if it can be determined that the judge addressed the factors under § 20-7-472 [now section 20-3-620(B)] sufficiently for us to conclude he was cognizant of the statutory factors.").

## II. Alimony

Husband argues the family court erred in awarding Wife permanent periodic alimony. He asserts the family court placed excessive weight on the factor of marital fault when determining alimony. He further claims Wife overvalued certain expenses on her financial declaration and she failed to include temporary alimony as income. We disagree.

When determining alimony, the family court stated it considered all the factors listed in section 20-3-130(C) and was especially mindful of the following factors: Wife's age, Wife's inability to increase her income, Husband's adulterous conduct, which ultimately led to the break-up of the marriage, the fact that Husband's income was greater than Wife's income, and Wife's financial needs. Husband's adulterous conduct was one of five factors the family court assigned additional weight in determining alimony. *Cf. Fuller v. Fuller*, 370 S.C. 538, 550–51, 636 S.E.2d 636, 643 (Ct. App. 2006) (reversing an alimony award where the family court found the husband was able to pay and the wife needed alimony, but it did not address the other factors, particularly the wife's considerable nonmarital assets). The family court did not assign disproportionate weight to Husband's adultery or consider it dispositive when determining alimony. *See Bodkin*, 388 S.C. at 216, 694 S.E.2d at 237 ("Marital fault is only one of the factors the family court must consider in making an award of alimony." (citation and quotation marks omitted)).

Further, Husband reported a monthly income of $6,618, in comparison to Wife's monthly income of $2,476. Wife, a retired teacher, testified she could not return to work because she was too old and she was no longer licensed to teach. Although

Husband argued Wife overvalued her monthly expenses, he did not identify which of the expenses were overvalued or offer any explanation. Wife testified her monthly expenses totaled $3,600, which was $1,124 more than her monthly income. However, the family court did not award Wife enough alimony to meet her estimated expenses. Instead, the family court awarded Wife only $700 in monthly alimony. Finally, Wife testified Husband's affair led to the breakup of the marriage. Because the family court considered all the factors under section 20-3-130(C) and assigned appropriate weight to the relevant factors, we believe the preponderance of the evidence supports the award of alimony. *See Way v. Way*, 398 S.C. 1, 10-11, 726 S.E.2d 215, 220-21 (Ct. App. 2012) (holding the preponderance of the evidence supported the award of alimony where there was a disparity between the parties' incomes and the family court adequately considered the statutory factors in making its award).

## III. Attorney's Fees

Husband argues the family court erred in awarding Wife attorney's fees. We disagree.

Before the final hearing, Wife filed a motion to compel and the family court ordered Husband to provide answers to interrogatories and to respond to requests for production of documents. The family court's order on the motion to compel notes Husband refused to provide answers or documents despite Wife's numerous requests. *See Bodkin*, 388 S.C. at 223, 694 S.E.2d at 241 (recognizing parties may become responsible for attorney's fees if they fail to cooperate and their behavior prolongs the proceedings). Furthermore, the family court considered the appropriate factors in deciding to award attorney's fees, including Wife having prevailed on many issues and Husband having a substantially greater income than Wife. *See Bennett v. Rector*, 389 S.C. 274, 284, 697 S.E.2d 715, 720–21 (Ct. App. 2010) (noting the family court should consider each party's ability to pay their fees, the beneficial results obtained by the attorney, the parties' financial conditions, and the fees' effect on the parties' standard of living). Moreover, the family court exercised its discretion in awarding Wife only a percentage of her requested attorney's fees. *See Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012) ("The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact."). Accordingly, we find the family court did not abuse its discretion in awarding Wife attorney's fees.

**AFFIRMED.**

**FEW, C.J., SHORT and GEATHERS, JJ., concur.**